*BARBARIN* vs. *DESCAHAUT'S HEIRS.*

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The defendants, heirs of Madam Descahaut, are sued on a bill of exchange, drawn by their ancestor in St. Domingo, on the 12th of January, 1796, on one Rossignol Grammont in Philadelphia, in favor of Reynaud, by whom it was endorsed to the petitioner.

The petition does not allege either protest for non-payment, or non-acceptance, nor notice to the drawer.

But there is an averment that part of the sum was paid, and that the ancestor of defendants died without having paid the balance, though frequently requested so to do.

No answer was put in by the defendants, judgment by default was regularly taken, and the same confirmed on proof being furnished of the genuineness of the signatures to the bill.

The defendants have appealed, and assigned for error apparent on the face of the record " that the petition alleges neither demand on the drawer, nor protest for non-payment, or non acceptance.

East'n District.
*June* 1825.

BARBARIN
*vs.*
DESCAHAUT'S
HEIRS.

In an action against the drawer of a bill of exchange, it is necessary to set out demand and notice, or judgment will be arrested.

East'n. District.
*June* 1825.

BARBARIN
*vs.*
DESCAHAUT'S
HEIRS.

On the argument in this court, the counsel have went at large into the merits, but the manner in which the cause comes up, prevents us from examining them. The defendants did not appear below, no answer was put in, no issue joined; consequently, there could be no trial which would bring the evidence legally before us. The judgment by default, and its confirmation, presuppose proof sufficient was furnished to authorise it. The only ground on which it can be assailed is, that admitting all the plaintiff has alleged to be true, the law does not permit judgment to be given against the defendant.

We conceive the only question before us to be, does the petition set out a cause of action

It wants all the averments which are necessary to shew responsibility in the drawer of a bill of exchange, it neither states protest, nor notice, nor makes any allegation the want of them was waved. It states part of the money was paid, but whether by the endorser, drawee or drawer, we are not informed.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that there

be judgment for the defendants as in case of nonsuit with costs in both courts.

*Moreau* for the plaintiff, *Seghers* for the defendants.